(C.D. 4134)

ERIE TECHNOLOGICAL PRODUCTS, INC. *v.* UNITED STATES

## United States Customs Court, Third Division

(Decided November 25, 1970)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.
*William D. Ruckelshaus,* Assistant Attorney General (*Harold L. Grossman* and *Patrick D. Gill,* trial attorneys), for the defendant.

Before RICHARDSON, LANDIS, and ROSENSTEIN, Judges

LANDIS, Judge: The broad question for decision in this case is whether "platinum black", imported from England in August and September 1965, is an unwrought platinum metal free of duty under TSUS (Tariff Schedules of the United States) item 605.02, as plaintiff claims, or a semimanufactured platinum metal, dutiable at 40 per centum ad valorem under TSUS item 605.08, as classified by customs in Cleveland.

Platinum black is defined as:

> * * * soft dull black powder of finely divided metallic platinum obtained by reduction and precipitation from solution of its salts that is capable of occluding large volumes of hydrogen, oxygen, or other gases and that is used as a catalyst for hydrogenation or oxidation [Webster's Third New International Dictionary, 1968.]

The duty status of imported platinum metal is provided for in TSUS schedule 6, part 2, subpart A. Part 2 contains legal headnotes relevant to the classification of so-called basic shapes and forms of metal provided for in part 2. Subpart A contains legal headnotes relevant to the classification of basic shapes and forms of precious metals, including platinum, provided for in that subpart. The relevant part and subpart headnotes, and provisions for platinum are as follows:

SCHEDULE 6.—METALS AND METAL PRODUCTS
PART 2. – METALS, THEIR ALLOYS, AND THEIR BASIC SHAPES AND FORMS

Part 2 headnotes:

    *      *      *      *      *      *      *

3. For the purposes of this part, unless the context requires otherwise—
(a) the term "unwrought" refers to metal, whether or not refined, in the form of ingots, blocks, lumps, billets, cakes, slabs, pigs, cathodes, anodes, briquettes, cubes, sticks, grains, sponge, pellets, shot, *and similar primary forms* [emphasis added], but

does not cover rolled, forged, drawn, or extruded products, tubular products, or cast or sintered forms which have been machined or processed otherwise than by simple trimming, scalping, or descaling;

\*    \*    \*    \*    \*    \*    \*

(c) the term "wrought", as applied to metal products other than wrought iron, refers to products which have been rolled, forged, drawn, or extruded, and also refers to cast or sintered products which have been machined or processed otherwise than by simple trimming, scalping, or descaling;

\*    \*    \*    \*    \*    \*    \*

Subpart A. – Precious Metals

Subpart A headnotes:

\*    \*    \*    \*    \*    \*    \*

2. For the purpose of the tariff schedules—
(a) the term "platinum" refers to platinum and other metals of the platinum group (iridium, osmium, palladium, rhodium, and ruenthium), separately or together, and the term "the metal platinum" refers to the metal platinum alone;
(b) the term "semimanufactured" refers to wrought metal products in the form of bars, rods, sections, plates, sheets, strips, wire, tubes, pipes, and hollow bars, and to powder (*other than primary metal in powder form* [emphasis added]);

\*    \*    \*    \*    \*    \*    \*

Platinum (including gold- or silver-plated platinum but not rolled platinum), unwrought or semimanufactured:
Unwrought:

| | | |
|---|---|---|
| 605.02 | Metals of the platinum group separately; native combinations of such metals; and artificial combinations of such metals containing by weight not less than 90 percent of the metal platinum _____ | Free |

\*    \*    \*    \*    \*    \*    \*

Semimanufactured:

\*    \*    \*    \*    \*    \*    \*

| | | |
|---|---|---|
| 605.08 | Other, including alloys of platinum _____ | 40% ad val. |

At the outset, defendant submits that platinum black "could never fall within the purview of item 605.02, despite the obvious intent of the draftsmen to exclude some powders from item 605.08." Defendant concludes that even "those powders, so excluded, will have to fall else-

where in the tariff schedules than in item 605.02, for a statute must ultimately be judged by what it clearly says rather than by what its draftsmen subjectively intended." If we read the point correctly, defendant would simply exclude "primary metal in powder form" (already excluded from "semimanufactured" by the definition) from the term "unwrought" because the definition of "unwrought" does not identify powder by name. Defendant's proposal, in our opinion, is more an emasculation than a construction of the part of the "unwrought" definition which refers to "primary forms" of metal "similar" to those named. Reading the statutory headnote definitions of "unwrought" and "semimanufactured" together, it is quite clear to us that the reference in the term "unwrought", to primary forms of metal similar to those designated by name, includes "primary metal in powder form" specifically excluded from the term "semimanufactured". Indeed, the legislative history of the exclusion indicates that industry was prompted to suggest the adopted exclusion out of concern that the term "semimanufactured", with its reference to powder, would be construed to include all metal powder, and that the exclusion was necessary to preserve the free duty status of primary metal in powder form as distinguished from metal powder produced by grinding or other manufacturing processes.[1]

The fact that the imported platinum black is in powder form quite obviously does not prove or tell us whether it is an "unwought" powder or a "semimanufactured" powder.

The record consists of testimony from three witnesses for plaintiff. A sample, representative of commercial platinum black, is in evidence (exhibit 1). Defendant introduced no evidence. In its brief, defendant argues the twofold proposition that plaintiff has not proved that platinum black is not "semimanufactured" or that it is in fact "unwrought". Customs is, of course, presumed to have found all the facts necessary to support the classification of platinum black as "semimanufactured". *The Fan Co.* v. *United States*, 25 Cust. Ct. 42, C.D. 1261 (1950). The short of defendant's argument is that there is no proof that platinum black is "won directly from ore". The phrase, "won directly from the ore", was used by one of the witnesses who defined primary metal as "metal which has been won directly from the ore, and has never been used in any commercial process."

The record establishes, as a matter of fact, that the imported platinum black was purchased from Johnson-Matthey, Limited, a British firm which owns mines in South Africa; that a typical method of producing commercial platinum black is to start with a pure

---

[1] See Memoranda of the International Nickel Co., Inc. regarding schedule 6 of the proposed revised and consolidated tariff schedules, Tariff Classification Study, Schedule 6, Hearings before the United States Tariff Commission, pages 752, 758 through 763.

platinum solution; that a "pure platinum solution" is nonexistent in nature and "[y]ou may have to derive this pure platinum solution"; that Johnson-Matthey, Limited, derives pure platinum solution in processing natural ores, and that, in reality, platinum black cannot be produced mechanically because "it's almost a physical impossibility to subdivide platinum into particles which would resemble * * * the very fine particles * * *" reflected in the exhibit.

The witness who used the expression "won directly from the ore" testified that the phrase "means that you didn't use scrap". Although there is no direct evidence that platinum black is ever produced from scrap, the customs classification carries with it the presumption that platinum black can be produced from scrap refined to a "pure platinum solution". Our own research reveals that a significant proportion of the annual production of platinum metals comes from waste and scrap, and that "procedures" applied to scrap material are essentially the same as those for refining concentrates and native metal.[2] There is no proof, nor can we infer from the record, that all platinum black powder is a primary form of metal.

Plaintiff having failed to overcome the presumption that the imported platinum black powder is semimanufactured, the protest is overruled.

Judgment will be entered accordingly.

(C.D. 4135)

---

[2] Hampel, *Rare Metals Handbook*, pages 305, 306 (Reinhold Publishing Co., New York, 1956) ; for discussion of powder metallurgy, see Johnson Weeks, *Metallurgy*, Chapter XVI (American Technical Society, 4th edition).