59 CCPA

**ERIE TECHNOLOGICAL PRODUCTS, INC., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5452.**

United States Court of Customs and Patent Appeals.

July 13, 1972.

Barnes, Richardson & Colburn, New York City, attorneys of record, for ap-

pellant. Joseph Schwartz, New York City, of counsel.

L. Patrick Gray, III, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Patrick D. Gill, New York City, for the United States.

Before RICH, Acting C. J., and ALMOND, BALDWIN, and LANE, Judges.

BALDWIN, Judge.

This appeal is from the decision and judgment of the United States Customs Court, Third Division,[1] overruling appellant's protest against the classification of merchandise described as "platinum black." The merchandise was classified as semimanufactured platinum under item 605.08, TSUS. Appellant claims that the merchandise should be classified as unwrought platinum, under item 605.02, TSUS.

Platinum black is defined as:

* * * a soft dull black powder of finely divided metallic platinum obtained by reduction and precipitation from solutions of its salts * * *.[2]

The pertinent parts of the Tariff Schedules read as follows:

Schedule 6, Part 2:

Part 2 headnotes:

* * * * * *

3. For the purposes of this part, unless the context requires otherwise—

(a) the term *"unwrought"* refers to metal, whether or not refined, in the form of ingots, blocks, lumps, billets, cakes, slabs, pigs, cathodes, anodes, briquettes, cubes, sticks, grains, sponge, pellets, shot, and similar primary forms, but does not cover rolled, forged, drawn, or extruded products, tubular products, or cast or sintered forms which have been machined or processed otherwise than by simple trimming, scalping, or descaling:

* * * * * *

Subpart A:

Subpart A headnotes:

* * * * * *

2. For the purposes of the tariff schedules—

(b) the term *"semimanufactured"* refers to wrought metal products in the form of bars, rods, sections, plates, sheets, strips, wire, tubes, pipes, and hollow bars, and to powder (other than primary metal in powder form):

*Classified under:*

Platinum (including gold- or silver-plated platinum but not rolled platinum), unwrought or semimanufactured:

* * * * * *

Semimanufactured:

* * * * * *

Other:

* * * * * *

Item 605.08 Other, including alloys of platinum ............... 40% ad val.

*Claimed under:*

Unwrought:

Item 605.02 Metals of the platinum group separately; native combinations of such metals; and artificial combinations of such metals containing by weight not less than 90 percent of the metal platinum.... Free

The correct classification of the merchandise depends on whether it is "unwrought" or "semimanufactured." Appellant contends that the merchandise is "primary metal in powder form" and cannot be "semimanufactured" within the meaning of the statute. Appellant also contends that the merchandise fits the above definition of "unwrought," because the powder consists of very fine "grains" or at least is in a primary form similar to "grains."

The Customs Court found that the definition of "primary metal" estab-

[1]. 65 Cust.Ct. 538, C.D. 4134 (1970).

[2]. Webster's Third New International Dictionary 1735 (1961).

lished on the record was a metal which was "won directly from the ore," which "has never been used in any commercial process," and was not made from scrap. The court stated:

> Although there is no direct evidence that platinum black is ever produced from scrap, the customs classification carries with it the presumption that platinum black can be produced from scrap refined to a "pure platinum solution". Our own research reveals that a significant proportion of the annual production of platinum metals comes from waste and scrap, and that "procedures" applied to scrap material are essentially the same as those for refining concentrates and native metal.[2] There is no proof, nor can we

2. Hampel, Rare Metals Handbook, pages 305, 306 (Reingold Publishing Co., New York, 1965); for discussion of powder metallurgy, see Johnson Weeks, Metallurgy, Chapter XVI American Technical Society, 4th edition).

> infer from the record, that all platinum black powder is a primary form of metal.

The court overruled the protest on the basis that appellant had failed to overcome the presumption of correctness of the customs classification.

Appellant contends that the court erred in not following the rule of In re Eimer, 11 Treas.Dec. 705, T.D. 27363 (1906), in which the Board of General Appraisers held platinum black to be free of duty as unmanufactured platinum. Appellant points out that the parenthetical "(other than primary metal in powder form)" was apparently added to the definition of "semimanufactured," *supra*, in response to concern that, without it, the definition would adversely affect the longstanding duty-free status of certain platinum imports.[3] According to

3. As originally proposed by the Tariff Commission, the definition of "semimanufactured" appeared as follows:
  * * * the term "semimanufactured" refers to wrought metal in the form of bars, rods, sections, plates, sheets, strips, wire, tubes, pipes, and hollow bars, and powder;

appellant, the record shows an unrebutted prima facie case that platinum black is a primary metal, even under the definition accepted by the Customs Court, since one of appellant's witnesses testified that it is obtained from "virgin ore," and there is also testimony to the effect that metal would be considered obtained "directly" from the ore even though there were numerous chemical refining steps utilized in obtaining it. Appellant also suggests an alternative definition of "primary metal," which it asserts is met by platinum black.

### Opinion

■■ As the Customs Court pointed out, the mere fact that merchandise is a powder does not establish whether it is an unwrought powder or a semimanufactured powder. In order to classify the merchandise as semimanufactured, the classifier had to find that it was powder which was "other than primary metal in powder form." To rebut this finding appellant must submit substantial evidence establishing that the merchandise was primary metal in powder form. United States v. New York Merchandise Co., 435 F.2d 1315, 58 CCPA 53, C.A.D. 1004 (1970).

■ We agree with the Customs Court that a primary metal is one which was "won directly from the ore." Asked to define "primary metal" one of appellant's expert witnesses replied:

> Well, going to the literature, "primary metal"—or, in metal literature they actually use "virgin metal" as actually a preferred name—that is, the encyclopedia, if you look up "primary metal," will refer you to "virgin metal" for the definition—but this is metal which has been won directly from the

Tariff Commission, Tariff Classification Study, Schedule 6, at 347 (1960). The parenthetical presently found in the statutory definition was proposed by the International Nickel Co., in order to continue duty-free treatment of primary platinum metal in powder and other forms. *Id.*, at 758, 762–63.

ore, and has never been used in any commercial process.

That definition is also consistent with the following authorities:

> primary * * * A substance which is obtained directly, by extraction and purification, from natural raw material. (Chambers's Technical Dictionary, at 672 (1940) ).

> primary * * * (4) In the terminology of minerals, primary (in the case of metals) refers to direct production from the ore * * *. This meaning contrasts with the term "secondary," used to denote recovery of metal from scrap * * *. (The Condensed Chemical Dictionary, at 729–30 (8th ed. 1971)).

> virgin metal. Metal obtained directly from ore and not used before. (American Society for Metals, Metals Handbook, at 15 (1948 ed.) ).

*Cf.* Alloys & Chemicals Co. v. United States, 54 CCPA 84, C.A.D. 912 (1967).

■ Thus, in order to prevail, appellant must show that the merchandise was obtained directly from the ore and not from scrap. This appellant has failed to do. Of appellant's three witnesses, only MacConnell knew anything about the commercial process used by the manufacturer of the merchandise to make platinum black. It was established on cross examination that even MacConnell's personal knowledge of the process was limited to the point where the material being worked on is a "pure platinum solution." While he testified that the solution was obtained by dissolving virgin ore, he freely admitted that he was not personally familiar with this end of the process. We agree with the Customs Court that the pure platinum solution might reasonably have been obtained from scrap platinum, and find MacConnell's hearsay testimony insufficient to rebut the presumption that the classifier correctly determined the merchandise not to be primary metal in powder form.

Consideration of the legislative history referred to by appellants would not change the result here. In both the suggestions made by the International Nickel Co. concerning the platinum exception to the definition of "semimanufactured," the exceptions were limited to *primary* metal. See Tariff Commission, Tariff Classification Study, Schedule 6, at 758, 762–63 (1960). Nor is the brief opinion in In re Eimer, *supra,* of any assistance to appellant. It is not clear what was established by the evidence before the Board of General Appraisers in that case. At any rate, we cannot ignore the word "primary" in the present statutory definition.

The judgment of the Customs Court is affirmed.

Affirmed.